IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| HEATH CARY RANSOM, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-06-135-S-EJL |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| RANDY BLADES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus case is Respondent's Motion for Summary Dismissal (Docket No. 7). Magistrate Judge Williams earlier granted an extension of time for Petitioner to respond to the Motion. Petitioner has filed his Response ("Traverse," Docket No. 14). Having reviewed the state court record and the arguments of the parties, the Court has determined that oral argument is unnecessary. Accordingly, the Court enters the following Order.

## I.

## BACKGROUND

Petitioner was convicted of voluntary manslaughter after a jury trial in the Fourth Judicial District Court of Idaho. Judgment was entered on December 5, 2000. He received a sentence of fifteen years fixed. *See State Court Record*, Exhibit A-1, at pp. 121-23.

Petitioner pursued a direct appeal.  The Idaho Court of Appeals affirmed the judgment and sentence on June 25, 2002.  The Idaho Supreme Court denied review of the petition for review and issued the remittitur on December 17, 2002.  *See State Court Record*, Exhibits B-1 through B-7.

Petitioner next filed a state petition for post-conviction relief on December 1, 2003. That action was dismissed by the state district court on September 19, 2005.  Petitioner filed a notice of appeal, but later moved to voluntarily dismiss the appeal.  The appeal was dismissed and remittitur issued on February 23, 2006.  *See State Court Record*, Exhibits C-1 through B-4. Petitioner's federal Petition was filed on April 4, 2006.[1]

## II.

## REVIEW OF MOTION TO DISMISS

### A.    Standard of Law

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2254(a).  The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal.  Rule 4 of the Rules Governing Section 2254 Cases.  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Id*.

---

[1] The Petition bears a signature date of February 28, 2006.

MEMORANDUM ORDER  2

In order to bring a claim on federal habeas corpus review, a petitioner must first "exhaust" his state court remedies.  28 U.S.C. § 2254(b).  To exhaust a claim, a habeas petitioner must have fairly presented it to the highest state court for review in the manner prescribed by state law.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim.  28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available.  *O'Sullivan*, 526 U.S. at 848.  A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).  Under these circumstances, the claim is considered to have been "procedurally defaulted."  *Coleman,* 501 U.S. at 731.

Following the *Coleman* rule in *Martinez v. Klauser,* 266 F.3d 1091, 1093-94 (9th Cir. 2001), the Ninth Circuit further clarified:  "'In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Id*. at 1093-94 (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).  Particularly, the *Martinez* court determined that where there is "an absence of prior authority supporting the [state court's] decision" and the decision appears "contrary to [state] law," such a state

MEMORANDUM ORDER  3

court decision does *not* rest on a "clear, consistently applied, and well-established" state procedural rule, and the procedural default may *not* be applied to bar consideration of the merits of a petitioner's claim in a federal habeas corpus action. *Id*. *See Lee v. Kemna*, 534 U.S. 362 (2002) (the Court held that the Missouri court's enforcement of its rule requiring motions for a continuance to be in writing was not adequate to bar federal review because the petitioner substantially complied with the rule and enforcement of the rule served no real governmental interest); *O'Dell v. Netherland*, 95 F.3d 1214, 1241 (4th Cir. 1996) (noting that if a procedural bar is based upon a clear and unambiguous statute, it is firmly established at the time that the statute was enacted) *affirmed on other grounds by* 521 U.S. 151 (1997); *Lilly v. Gillmore*, 988 F.2d 783, 785 (7th Cir. 1993) (a rule applied "infrequently, unexpectedly, or freakishly may not constitute an independent and adequate state ground").

**B.     Discussion**

1.     <u>Procedural Default</u>

Petitioner sets forth his habeas corpus claim as follows: "The district court error in failing to give the requested instruction on the lesser-included offense of involuntary manslaughter, requires a reversal of petitioner's conviction, and violates [the] 5th and 14th Amendments to the United States and Article one Section 1 & 13 of the Constitution of the State of Idaho." *See Petition*, at p. 2 (Docket No. 1).[2]

---

[2]  Petitioner's state constitutional claims are not cognizable on federal habeas corpus review. " *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (federal habeas corpus relief does not lie

MEMORANDUM ORDER  4

Respondent argues that on direct appeal before the Idaho Court of Appeals, Ransom argued only that he was entitled to the lesser included offense instructions under a state statute, Idaho Code § 19-213(b), and that he did not make a constitutional argument.  In Petitioner's brief, he framed the issue as "Did the district court err in refusing the defense request for an instruction on the lesser-included offense of involuntary manslaughter? *State Court Record*, Exhibit B-1. at p. 4.

Petitioner's brief focused only on the argument that "[b]ecause there was some evidence that Mr. Ransom did not intend to kill Mr. Warr[en], it was error to refuse the request to instruct the jury on involuntary manslaughter and this error requires reversal." *Id*. at p. 22.  The brief does not include a federal constitutional reference, claim, or issue regarding the lesser-included offense of involuntary manslaughter.  The Idaho Court of Appeals did not address the claim under federal law.  Rather, it determined under state law principles that the involuntary manslaughter instruction should have been given, but that it was harmless error not to do so because of the "acquittal first" doctrine and the jury's finding that Petitioner was guilty of voluntary manslaughter.  *See State Court Record*, Exhibit B-3, at pp. 5-7.

In his brief in support of his petition for review before the Idaho Supreme Court, Petitioner framed the issue as follows: "Should the Idaho Supreme Court grant Mr. Ransom's petition for review as the Idaho Court of Appeals' opinion finding the district court's failure to grant Mr. Ransom's request for an instruction on the lesser-included offense of involuntary

for errors of state law).

MEMORANDUM ORDER  5

manslaughter to be harmless error addressed an issue not heretofor addressed by the Idaho Supreme court, thereby presenting an issue of first impression?" *State Court Record*, Exhibit B-5, at p. 5.  In his brief, Petitioner supplemented his argument that he had made to the Court of Appeals by including the new argument that the failure to give the lesser-included offense instruction violated Petitioner's due process rights, citing to two United States Supreme Court cases.  *Id.*, at p. 24-26.  The Idaho Supreme Court denied the petition for review without comment.  *State Court Record*, Exhibit B-6.

Respondent argues that it is improper for claims to be presented for the first time to the Idaho Supreme Court when the Idaho Court of Appeals heard and decided the appeal. This Court agrees.  In *Castille v. Peoples*, 489 U.S. 346 (1989), the United States Supreme Court addressed the fair presentation requirement under circumstances similar to those presented in this case.  In *Castille*, the petitioner raised new claims in a petition for discretionary review in the Pennsylvania Supreme Court after the intermediate appellate court had affirmed his conviction.  *Id.* at 347.  The Pennsylvania Supreme Court denied the petitioner's request for review without opinion, and in a later federal habeas proceeding, the Petitioner claimed that because he had presented his claims to the highest state court in his request for review, he had properly exhausted his state court remedies.  *Id.* at 347-348.  The United States Supreme Court disagreed; it held that submitting a new claim to a state's highest court on discretionary review, when the court would only review the merits when there are "special and important reasons," does not constitute fair presentation for purposes of exhaustion. *Id.* at 348; *accord Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  Like

MEMORANDUM ORDER  6

the appellate review system in *Castille*, review in the Idaho Supreme Court is discretionary and will be granted only when "there are special and important reasons."  Idaho Appellate Rule 118(b).

Under Idaho law it is clear that the Idaho Supreme Court will not consider claims that were not raised in an initial appeal to the Idaho Court of Appeals.  *Centers v. Yehezkely*, 706 P.2d 105 (Idaho Ct. App. 1985).  There is nothing in Idaho precedent suggesting a practice or trend of addressing claims presented for the first time in a petition for review before the Idaho Supreme Court.  *See, e.g., Accord Wood v. Wood*, 855 P.2d 473 (Idaho Ct. App. 1993); *Cooper v. Board of Professional Discipline of Idaho State Bd. of Medicine*, 4 P.3d 561, 568 (Idaho 2000).

Finally, the Court rejects Petitioner's argument that his facts are like those in *Lounsbury v. Thompson*, 374 F.3d 785, 789-90 (9th Cir. 2004).  In *Lounsbury*, the court held that where the petitioner had argued in his state petition for review that the state court had erred by following a *constitutionally* defective procedure to find him competent, that he had by implication exhausted his constitutional substantive claim that he was forced to proceed to trial while mentally incompetent.  The Ninth Circuit held that fair presentation occurs "[w]here the substantive and procedural claims are as intertwined as they are here."  *Id*. at 788.

*Lounsbury* is distinguishable from Petitioner's case because in that case there was no issue that Lounsbury had failed to make the argument before the intermediate appellate court; the case concerned only whether one constitutional argument in the petition for review

MEMORANDUM ORDER  7

subsumed another issue.   In addition, Petitioner's case is not about two intertwined *constitutional* issues; instead he argues that the state issue and the constitutional issue were intertwined, and he presented only the state issue.  For these reasons, *Lounsbury* does not apply.  Petitioner's other arguments are without merit, and the Court rejects them implicitly in the foregoing analysis.

Based on all of the foregoing, the Court concludes that Petitioner's constitutional claims are procedurally defaulted, and that the procedural default rule relied upon by Respondent is firmly established and has been regularly applied by the Idaho Supreme Court. If the Idaho Supreme Court had chosen to address the claim, then it would be considered exhausted, because the purpose of the exhaustion rule would have been met.  However, in this case, the Idaho Supreme Court chose not to address the newly-presented constitutional issue.  As a result, Petitioner's claim is procedurally defaulted.[3]

2.   Cause and Prejudice or Miscarriage of Justice

A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from

---

[3] The Court also notes that the Ninth Circuit has determined that the failure of a state trial court to instruct on lesser-included offenses in a non-capital case does not present a federal constitutional claim.  *See Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000); *Bashor v. Riley*, 730 F.2d 1228, 1240 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  Other circuits have decided differently.  The United States Supreme Court has addressed the subject of lesser-included offenses in the context of capital cases, but not noncapital cases.  *See Keeble v. United States*, 412 U.S. 205 (1973); *Beck v. Alabama*, 447 U.S. 625 (1980).  As a result, Petitioner's claim is likely barred by *Teague v. Lane*, 489 U.S. 288 (1989).

the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard.  *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496.  To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993).  If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).  Upon such a showing, a petitioner may proceed with his claims, provided that his claim of actual innocence is accompanied by an assertion of nonharmless constitutional error at trial. *Id.* at 316.

MEMORANDUM ORDER  9

Petitioner argues that a lesser included offense rule would have established his innocence.  However, this is a legal argument, not a "factual" actual innocence argument. Petitioner brings forward no evidence that was not presented to the jury.  Petitioner's argument is that the same evidence presented to the jury, coupled with the omitted involuntary manslaughter instruction, would have resulted in his "acquittal" of the voluntary manslaughter offense.  As attractive as the argument may be in a different legal context (not as a procedurally defaulted claim on federal habeas corpus review), it is not one that shows actual innocence.  *See Madrigal v. Bagley*, 276 F.Supp.2d 744, 756-58 (D. Ohio 2003) (under the *Schlup* actual innocence standard, new evidence is required even where one asserts that a lesser-included offense instruction would have resulted in acquittal of the greater offense); *Schlup*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach thee merits of a barred claim.").

In Petitioner's case, the jury heard both evidence that showed intent, such as that Petitioner said he wanted to kill Mr. Warren six times earlier in the evening, that Petitioner was angry with Mr. Warren for not paying him rent, and that Petitioner beat and stomped Mr. Warren to death, as well as evidence that showed lack of intent, such as Petitioner's disbelief that Mr. Warren was dead, Petitioner's intoxication, and Petitioner's lack of use of a weapon. *See State Court Record*, Exhibit B-1, at 1-2, 20 & Exhibit B-2, at pp. 1-2.  Having heard all of that evidence, the jury chose the voluntary manslaughter verdict.  Because Petitioner has

MEMORANDUM ORDER  10

brought forward no evidence of innocence of the voluntary manslaughter conviction that the jury did not hear, his actual innocence claim fails.

### III.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to Dismiss (Docket No. 7) is GRANTED.  Petitioner's Petition is DISMISSED with prejudice.

DATED:  **March 5, 2007**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER  11